HOUSTON, Justice
(concurring in the result).
I concur in the result.
I believe that there was evidence, sufficient to go to a jury, indicating that Wal-Mart intended to discharge Clint C. Usrey for an illegal reason — instituting or main- *74 taming a claim against Wal-Mart for workers’ compensation benefits. However, at a time when it had not acted on that illegal reason, Wal-Mart was given a perfectly legal reason for discharging him— sexual harassment.[5] I believe that it is for the finder of facts to determine whether Usrey’s alleged sexual harassment of a female coworker played any part in Wal-Mart’s decision to terminate Usrey; and, if it is so determined, then the finder of facts must find for Wal-Mart. It is only if the finder of facts determines that Usrey was discharged solely for instituting or maintaining a claim or an action for workers’ compensation benefits that Usrey may recover against Wal-Mart for wrongful termination.

. I am persuaded that Wal-Mart thoroughly investigated the sexual harassment complaint. Wal-Mart obtained a statement from the alleged victim and the only other witness to the incident. Wal-Mart then confronted Usrey with this. Usrey first denied that anything had happened, but later confirmed an encounter with the victim and her witness and' stated that the encounter was not sexual, but that the alleged victim and the witness may have concluded that it was: “Nothing was never said out of the way about sexes thing or anything like that. Perhaps she or they just took it the wrong way.”